## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

MICHAEL BLACK,

            Plaintiff,

    v.                                                    Civil Action No.

UNITED STATES OF AMERICA;
SANDRA HOWARD, in her individual and
official capacity;
REGINALD BARNETT, in his individual
and official capacity;


            Defendants.

## COMPLAINT AND JURY DEMAND

        Plaintiff Michael Black, by his undersigned attorneys, for his complaint in this

action, sets forth the following:

### NATURE OF THE ACTION

        1.      In this action Mr. Black seeks damages incurred as a result of the acts,

omissions, and/or deliberate indifference of the Defendants, identified below, during his

incarceration at the Federal Medical Center, Devens ("FMC Devens") that caused and

exacerbated a serious medical condition in the form of advanced pressure ulcers.

### PARTIES

        2.      Mr. Black is a severely obese paraplegic that has to use a wheelchair for

mobility.  Mr. Black suffers from a host of illnesses, including congestive heart failure, diabetes,

and hypertension, as well as the serious medical condition alleged in this action.  Mr. Black

presently resides in Chicago, Illinois.  At all times relevant to this action, Mr. Black was

incarcerated at FMC Devens.

BOI-7936v2

3.      On information and belief, and at all relevant times, Defendant United States of America operated FMC Devens, a penitentiary located in Ayer, Massachusetts, through the United States Department of Justice, Federal Bureau of Prisons (the "BOP").

4.      On information and belief, and at all relevant times, Sandra Howard was a federal employee and medical doctor at FMC Devens and also served in a supervisory capacity as Clinical Director in charge of all medical staff.  Dr. Howard is sued both in her individual and official capacity.

5.      On information and belief, and at all relevant times, Reginald Barnett was a federal employee and medical doctor at FMC Devens and also served as Mr. Black's primary treating physician.  Dr. Barnett is sued both in her individual and official capacity.

## JURISDICTION AND VENUE

6.      Jurisdiction is proper under 28 U.S.C. §§ 1331, 1346(b).

7.      Venue is proper is this district under 28 U.S.C. § 1391(b), (e).

8.      This action is proper under 42 U.S.C. § 1997e(a), because all available administrative remedies have been exhausted.

9.      This action is timely under 28 U.S.C. § 2401(b), because this action was brought within six months after notice of final denial of claims by the BOP. Mr. Black filed a grievance related to the Defendants' negligent treatment in December 2010. Mr. Black received his final denial of claims from the BOP and notification of the BOP's decision not to offer him a settlement on June 22, 2011.

**FACTS**

10.     Since September 22, 2004, and until his release on December 30, 2010, Mr. Black was incarcerated at FMC Devens and housed in Room 326 of the P-3 Unit.  Mr. Black's room included, among other things, a steel toilet and a shower with a steel seat.

11.     It is the policy of FMC Devens for inmates to be up and out of bed between the hours of 8:00 a.m. and 4:00 p.m., unless those inmates are assigned to bed rest in the Chronic Care Unit, which is separate and apart from the P-3 Unit where Mr. Black was housed. An inmate cannot take bed rest without a order from his treating physician.  Because of that policy, Mr. Black was required to be in his wheelchair for eight or more hours almost every day for nearly six years.

12.     In early 2010, Mr. Black developed pressure ulcers on his buttocks. Pressure ulcers are lesions caused by unrelieved pressure to any part of the body.  Pressure ulcers are classified in stages, ranging from Stage I (the least serious, indicated by nonblanchable redness that does not subside after pressure is relieved) to Stage IV (the most serious, indicated by a deep cavern in skin tissue that extends into the muscle, tendon or bone).  Pressure ulcers are treatable if found early, although if left untreated or if treated improperly they can cause sepsis, Methicillin-resistant Staphylococcus aureus ("MRSA"), and even death.  Indeed, second only to adverse drug reactions, pressure ulcers are the leading iatrogenic cause of death reported in developed countries.

13.     As early as January 2010, Mr. Black repeatedly informed both Dr. Barnett and Dr. Howard in writing about his pressure ulcers and requested relief.  For example, on January 5, 2010, Mr. Black informed Dr. Barnett that his steel toilet and steel shower seat were aggravating his condition and causing him considerable pain, and requested cushions or padding

to relieve the pressure to his buttocks.  On January 17, 2010, Mr. Black repeated his request for cushions or padding, and further requested bed rest so that his pressure ulcers could heal.  On January 23, 2010, because Dr. Barnett did not address his concerns, Mr. Black reiterated his request for bed rest to Dr. Barnett's supervisor, Dr. Howard.

14.     Approximately five months later, on June 16, 2010, Dr. Howard denied Mr. Black's request for bed rest.  Mr. Black received no response concerning his request for cushions/padding.

15.     For the next three months, while his condition worsened, Mr. Black repeated his written requests for both bed rest and cushions/padding.  For example, on July 20, 2010, Mr. Black asked Dr. Barnett whether and when he would be placed on bed rest.  On July 29, 2010, Mr. Black informed Dr. Barnett that "these wounds are not getting any better" and repeated his request for bed rest.  On August 2, 2010, because Dr. Barnett did not address his concerns, Mr. Black reiterated his requests for both bed rest and cushions/padding to Dr. Howard, stating "[eight] months and these ulcers are not looking any better . . ."  Mr. Black repeated these requests on August 14, 2010 (to Dr. Barnett), August 25, 2010 (to Dr. Barnett), September 12, 2010 (to Dr. Howard), and September 14, 2010 (to Dr. Barnett).

16.     Although all of Mr. Black's written requests described the seriousness of his condition, one in particular – the written request to Dr. Howard on September 12, 2010, noted above – showed that Mr. Black's pressure ulcers were reaching an advanced stage.  In it, Mr. Black states:

> Doctor Howard[,] **these wounds on my buttock[s have] gotten so bad now that you can smell them from under the diaper and pad that I have on.**  Why did you let [Dr.] Barnett do this to me[?]  Now only God knows how big and bad the wounds are.  You can smell it if you stand by me.  Why did you let this happen[?]  [D]id you get my [requests?]  All I wanted was bed rest in order to

prevent this.  Now what's going to happen to me[?]  [I]t smells real
bad[,] Doc.

(Emphasis supplied.)

17.     Another month passed without redress by either Dr. Barnett or Dr.

Howard.  By October 12, 2010, Mr. Black's pressure ulcers had become so serious that he

developed a life-threatening infection.  Mr. Black was taken to Leominster Hospital, where he

was diagnosed with three pressure ulcers, one of which was Stage IV – the most serious

classification.  Mr. Black remained hospitalized for ten days.

18.     On October 22, 2010, Mr. Black returned to FMC Devens from the

hospital.  It was only at that point – after more than ten months of explicit and repeated requests

for relief, a life-threatening infection, and ten days of treatment in an outside hospital – that Mr.

Black was finally admitted to the Chronic Care Unit at FMC Devens and placed on bed rest.  He

never received the cushions or padding that he requested.

19.     On December 30, 2010, Mr. Black was released from FMC Devens.  Mr.

Black still suffers from the pressure ulcers that developed and worsened during his incarceration

at FMC Devens.

20.     As a result of the Defendants' gross negligence, negligence, recklessness

and deliberate indifference to his medical condition, Mr. Black has suffered and continues to

suffer mental, emotional, and physical damages.


### COUNT I
### (Negligence)

21.     Mr. Black repeats and realleges all of the allegations contained in the

foregoing paragraphs as if fully set forth herein.

22.     At all relevant times, Defendants owed Mr. Black a duty of care.

5

BOI-7936v2

23.     By failing to treat Mr. Black properly – for instance, by failing to take reasonable measures to prevent Mr. Black's pressure ulcers either from reaching an advanced stage or from developing in the first place or both – Defendants breached that duty of care.

24.     Defendants' breach caused Mr. Black harm, including pain, suffering, a life-threatening infection, and an increased susceptibility to adverse health consequences.

## COUNT II
### (Medical Malpractice)

25.     Mr. Black repeats and realleges all of the allegations contained in the foregoing paragraphs as if fully set forth herein.

26.     At all relevant times, a physician-patient relationship existed between Dr. Barnett and Mr. Black.

27.     By failing to treat Mr. Black properly – for instance, by failing to take reasonable measures to prevent Mr. Black's pressure ulcers either from reaching an advanced stage or from developing in the first place or both – Dr. Barnett's performance did not conform to good medical practice.

28.     Dr. Barnett's failure to conform to good medical practice caused Mr. Black harm, including pain, suffering, a life-threatening infection, and an increased susceptibility to adverse health consequences.

29.     At all relevant times, a physician-patient relationship existed between Dr. Howard and Mr. Black.

30.     By failing to treat Mr. Black properly – for instance, by failing to take reasonable measures to prevent Mr. Black's pressure ulcers either from reaching an advanced stage or from developing in the first place or both – Dr. Howard's performance did not conform to good medical practice.

BOI-7936v2

31.     Dr. Howard's failure to conform to good medical practice caused Mr. Black harm, including pain, suffering, a life-threatening infection, and an increased susceptibility to adverse health consequences.

## COUNT III
### (Violation of the Eighth Amendment to the U.S. Constitution)

32.     Mr. Black repeats and realleges all of the allegations contained in the foregoing paragraphs as if fully set forth herein.

33.     Mr. Black's pressure ulcers constituted a preventable but serious medical need, culminating in an infection and ten days of treatment in an outside hospital, where Mr. Black was diagnosed with a Stage IV pressure ulcer.

34.     At all relevant times, Dr. Barnett was a federal employee acting under the color of federal law.

35.     Dr. Barnett had actual knowledge of Mr. Black's pressure ulcers as early as January 2010, that those pressure ulcers worsened over time, and that those pressure ulcers became serious.

36.     Dr. Barnett acted with deliberate indifference to Mr. Black's serious medical needs by denying, delaying, or providing inadequate medical care, either intentionally or recklessly.

37.     Dr. Barnett's deliberate indifference caused Mr. Black harm, including pain, suffering, a life-threatening infection, and an increased susceptibility to adverse health consequences.

38.     At all relevant times, Dr. Howard was a federal employee acting under the color of federal law.

BOI-7936v2

39.     Dr. Howard had actual knowledge of Mr. Black's pressure ulcers as early as January 2010, that those pressure ulcers worsened over time, and that those pressure ulcers became serious.

40.     Dr. Howard acted with deliberate indifference to Mr. Black's medical needs by denying, delaying, or providing inadequate medical care, either intentionally or recklessly.

41.     Dr. Howard's deliberate indifference caused Mr. Black harm, including pain, suffering, a life-threatening infection, and an increased susceptibility to adverse health consequences.

42.     Alternatively, Dr. Howard, in her supervisory capacity, encouraged, condoned, or acquiesced in Dr. Barnett's conduct with respect to Mr. Black, amounting to deliberate indifference.

43.     Dr. Howard's deliberate indifference as Dr. Barnett's supervisor led inexorably to Mr. Black's harm, including pain, suffering, a life-threatening infection, and an increased susceptibility to adverse health consequences.

**PRAYER FOR RELIEF**

WHEREFORE, Mr. Black respectfully requests that the Court:

(a)     Enter judgment in Mr. Black's favor on all counts of the Complaint, awarding compensatory and punitive damages to Mr. Black in an amount to be determined at trial together with interest thereon;

(b)     Award Mr. Black his costs and reasonable attorneys' fees; and

(c)     Award Mr. Black such other further relief as the Court deems just and proper.

BOI-7936v2

## JURY DEMAND

Mr. Black demands a trial by jury on all issues so triable.

Dated: December 2, 2011
         Boston, Massachusetts

Respectfully submitted,

MICHAEL BLACK,

By his counsel,


/s/ Michael T. Marcucci
_____
Michael T. Marcucci (BBO# 652186)
Jason C. Weida (BBO# 663097)
JONES DAY
100 High Street, 22nd Floor
Boston, Massachusetts 02110
(617) 960-3939
mmarcucci@jonesday.com
jweida@jonesday.com