UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-12128-RGS

MICHAEL BLACK

v.

UNITED STATES;
SANDRA HOWARD, in her individual capacity; and
REGINALD BARNETT, in his individual capacity

MEMORANDUM AND ORDER ON DEFENDANTS'
MOTIONS TO DISMISS

August 3, 2012

STEARNS, D.J.

The Complaint brought by former inmate Michael Black alleges claims of negligence (Count I) and medical malpractice (Count II) against the United States and violations of the Eighth Amendment's Cruel and Unusual Punishments Clause (Count III) against Sandra Howard and Reginald Barnett in their individual capacities. Howard and Barnett are medical doctors employed at the Federal Medical Center in Devens, Massachusetts (FMC Devens). The United States moves to dismiss Count I of the Complaint for want of subject matter jurisdiction, while Drs.

Howard and Barnett move to dismiss Count III for failure to state an actionable claim.

## BACKGROUND

The well pled allegations of the Complaint construed in the light most favorable to Black as the nonmoving party are as follows. Black is a severely obese paraplegic who suffers from a number of serious illnesses, including congestive heart failure, diabetes, and hypertension. Pl.'s Am. Compl. ¶ 2. Black was incarcerated at FMC Devens from September 22, 2004, until December 30, 2010. *Id*. ¶¶ 1, 3, 10. While incarcerated, Black was confined to a wheelchair for eight or more hours a day, causing him to develop pressure ulcers on his buttocks. *Id*. ¶¶ 11-12. He complained numerous times about the condition to Dr. Howard and Dr. Barnett, his treating physicians. *Id*. ¶¶ 4, 5, 13. He asked for cushions or padding for the steel toilet and shower seat in his cell, the hard surfaces of which aggravated his pain. *Id*. ¶ 13. He also requested bed rest, which under prison rules required the approval of a treating physician. *Id*. ¶ 11. Black

alleges that his pressure ulcers eventually precipitated a life-threatening infections, which required hospitalization. *Id.* ¶ 17. After being returned to FMC Devens, Black was admitted to the Chronic Care Unit and placed on bed rest; however, he never received the requested cushions or padding. *Id.* ¶ 18. Black was released from custody on December 30, 2010. *Id.* ¶ 19.

## DISCUSSION

### *Negligence against the United States (Count I)*

Challenges to subject-matter jurisdiction are examined under "the usual, plaintiff-friendly standard," under which all well-pled facts in plaintiff's complaint are deemed to be true. *Fothergill v. United States*, 566 F.3d 248, 251 (1st Cir. 2009). Black claims that the United States breached its duty of care by deviating from ordinary standards of medical practice by failing to more aggressively treat his ulcerous condition.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471,

475 (1994).  In this regard, the Federal Tort Claims Act (FTCA)[1] waives sovereign immunity for

> claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).  Under the FTCA, the United States assumes any potential liability for negligence claims in instances in which the substantive tort law of Massachusetts ("the law of the place")  would render a private person liable.

In Massachusetts, "a tort plaintiff must show that (1) the defendant owed him a duty, (2) the defendant breached that duty, (3) the breach

---

[1] Also known as the Westfall Act, the FTCA, 28 U.S.C. § 2671, et seq., makes an action against the United States the exclusive remedy for a "negligent or wrongful act or omission" of a federal employee acting within the scope of his employment. *United States v. Smith*, 499 U.S. 160, 165-167 (1991).  There is no dispute that Drs. Howard and Barnett were at all relevant times federal employees acting within the scope of their employment.

constituted a proximate cause of the ensuing harm, and (4) the breach caused actual injury." *Fithian v. Reed*, 204 F.3d 306, 308 (1st Cir. 2000). The scope of the duty of care owed by a doctor to a patient is broadly construed under Massachusetts law. A duty of care will be found to attach even where the physician treating the patient is employed by a third party, and no physician-patient relationship in the traditional sense exists. *Lambley v. Kameny*, 43 Mass. App. Ct. 277, 284 (1997). This duty of care has special force in a custodial setting.

    The Supreme Judicial Court has strongly suggested that Massachusetts recognizes the level of care owed to a detainee by his jailer established by Restatement (Second) of Torts § 314A. "One who is required by law to take or voluntarily takes the custody of another under circumstances such as to deprive the other of his normal opportunities for protection is under a duty [l] to protect [the other] against unreasonable risk of physical harm, and [2] to give [the other] first aid after [he] knows or has reason to know that [the other is] ill or injured, and to care for [the

other] until [he] can be cared for by others." *Slaven v. Salem*, 386 Mass. 885, 887 (1982).

That Black's custodians at FMC Devens, and by extension, the physicians in their employ, owed Black a duty to provide him with adequate, non-negligent medical care cannot be gainsaid, and the United States does not contend otherwise. The government rather argues that Count I, which asserts a generic claim of negligence, is duplicative of Count II, which specifies medical malpractice as Black's core negligence claim. I agree with Black that the Counts are not (as the government contends) "duplicative" in the literal sense – Count I, as Black notes, is framed to "reflect[] a broader institutional obligation that Count II does not purport to eclipse." Black Opp'n at 7. Nonetheless, Count I is simply an artful attempt to plead around the strictly limited waiver provisions of the Westfall Act by dressing up a constitutional "conditions of confinement" claim in the guise of an action for institutional negligence (presumably

attributable to the Warden of FMC Devens).[2]  It is well established that constitutional tort claims may not be prosecuted under the FTCA.  *Meyer*, 510 U.S. at 477.  *See also Villanueva v. United States,* 662 F.3d 124, 127 (1st Cir. 2011) ("Since federal and not state law provides the basis for liability in a constitutional claim (such as [plaintiff's]), constitutional tort claims are not cognizable under the FTCA."); *Aversa v. United States*, 99 F.3d 1200, 1207-1208 & n.12 (1st Cir. 1996) ("Constitutional tort claims are not subject to the Westfall Act's exclusive remedy provision.")        . Consequently, Count I will be dismissed for want of subject matter jurisdiction.

### *Violation of the Eighth Amendment: Sandra Howard and Reginald Barnett Individually (Count III)*

The individually named defendants, Drs. Howard and Barnett, move to dismiss Count III for failure to state a viable Eighth Amendment claim

---

[2] If the institutional claim is directed against Drs. Howard and Barnett, then Count I is duplicative of Count II as the government contends.

of deliberate indifference to Black's serious medical needs.[3]  To survive a motion to dismiss, a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007).  "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal citations omitted).

> Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" –  that the pleader is entitled to relief.

---

[3] "'*Bivens*' [*v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)] is the case establishing, as a general proposition, that victims of a constitutional violation perpetrated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits." *Wright v. Park*, 5 F.3d 586, 589 n.4 (1st Cir. 1993).

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

Black alleges that Drs. Howard and Barnett acted with deliberate indifference to his serious medical needs by denying or delaying care for his ulcerous condition and its side effects, either intentionally or recklessly. Alternatively, Black alleges that in Dr. Howard's supervisory capacity, she encouraged, condoned, or acquiesced in Dr. Barnett's deliberately indifferent conduct, which in turn led to Black's harm.

Under the Eighth Amendment, prison officials have a duty to "provide humane conditions of confinement; [they] must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citations omitted). Deliberate indifference on the part of prison officials to a prisoner's serious medical needs gives rise to an Eighth Amendment violation. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). *See also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (exposure of inmates to second-hand smoke); *Durmer v. O'Carroll*,

991 F.2d 64, 68-69 (3d Cir. 1993) (prison doctor deliberately delayed a regimen of physical therapy).

"A 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997); *Mahan v. Plymouth County House of Corrections,* 64 F.3d 14, 18 (1st Cir. 1995) (same). *See also Harrison v. Barkley*, 219 F.3d 132, 137 (2d Cir. 2000) (deliberate refusal to fill an inmate's painful and degenerating tooth cavity). *Compare Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996) (inmate's supposed condition of "addictive sexuality" was not a serious condition in need of urgent medical treatment). Black's condition would seem to easily pass the test for a serious medical need.

On the other hand, mere negligence of the kind that gives rise to a claim of medical malpractice, does not evidence deliberate indifference on a prison official's part. *Estelle*, 429 U.S. at 106. Similarly, disagreement

over the proper course of medical treatment is not a grievance for which the Constitution provides a remedy: "The right to be free from cruel and unusual punishment does not include the right to the treatment of one's choice." *Layne v. Vinzant*, 657 F.2d 468, 473 (1st Cir. 1981). *See also United States v. DeCologero*, 821 F.2d 39, 42 (1st Cir. 1987) (while "an inmate deserves *adequate* medical care, he cannot insist that his institutional host provide him with the most sophisticated care money can buy.").

To make a showing of deliberate indifference, Black must show a "an unnecessary and wanton infliction of pain" that is "repugnant to the conscience of mankind." *Estelle*, 429 U.S. at 105-106. Black can demonstrate deliberate indifference only if "the [medical] attention [he] received is 'so clearly inadequate as to amount to a refusal to provide essential care.'" *Torraco v. Maloney*, 923 F.2d 231, 234 (1st Cir. 1991), quoting *Miranda v. Munoz,* 770 F.2d 255, 259 (1st Cir. 1985). This Black has patently failed to do. In the Complaint, Black alleges that Drs. Howard

11

and Barnett did not honor his requests for cushions and bed rest, but he does not allege that he was denied treatment (including hospitalization) for his ulcers. Although Black alleges that he "repeatedly informed the Individual Defendants in writing that his condition was deteriorating," Pl.'s Opp'n at 5, there is no allegation in the Complaint that the doctors ignored Black's complaints. Rather, Black alleges that the doctors were indifferent in not agreeing to his specific requests for seat cushioning and immediate bed rest. "[A] claim of inadequate medical treatment which reflects no more than a disagreement with prison officials about what constitutes appropriate medical care does not state a cognizable claim under the Eighth Amendment." *DesRosiers v. Moran*, 949 F.2d 15, 20 (1st Cir. 1991). Consequently, Count III will be dismissed.

## ORDER

For the foregoing reasons, the motion of the United States to dismiss Count I for lack of subject matter jurisdiction is <u>ALLOWED</u>. The motion of Drs. Howard and Barnett to dismiss Count III for failure to state a claim

is <u>ALLOWED</u>.  The Clerk will enter a stay and refer the claims in Count II to the Medical Malpractice Tribunal.  *See* Mass. Gen. Laws ch. 231, § 60B; *Kapp v. Ballantine*, 380 Mass. 186, 193 (1980).

                         SO ORDERED.

                         /s/ Richard G. Stearns

                         _____
                         UNITED STATES DISTRICT JUDGE